48 CCPA

**MASTIC TILE CORPORATION OF AMERICA** (the Ruberoid Co., Mastic Tile Division, assignee, substituted), Appellant,

v.

**CONGOLEUM–NAIRN, INC.,** Appellee.

Patent Appeal No. 6663.

United States Court of Customs and Patent Appeals.

April 14, 1961.

Ostrolenk, Faber, Gerb & Soffen, Sidney G. Faber, New York City (Marvin C. Soffen, New York City, of counsel), for appellant.

Richard T. Laughlin, Berkeley Heights, N. J., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges,

and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

The parties stipulate that the sole issue here is whether "applicant's mark 'Wearever' when used on vinyl floor tile so resembles opposer's registered mark 'Flor-Ever' for vinyl floor tile as to be likely to cause confusion or mistake among purchasers."

The Trademark Trial and Appeal Board was of the opinion that the respective marks "have substantially identical connotations," and, when coupled with other features of similarity, concluded that "confusion, mistake or deception of purchasers would be reasonably likely to occur."

Applicant alleges error in that holding, urging primarily that the word "ever," the only common feature of the marks, is widely used to denote long wearing or lasting qualities, is therefore highly suggestive of such qualities, and can have little trademark significance. In addition, appellant urges that the board gave undue weight to the relative advertising efforts of the parties, appeared to be unduly influenced by the apparent good will appellee had established in its mark, and thus failed to properly evaluate the fundamental issue of likelihood of confusion.

The record, running something over three hundred pages, contains numerous exhibits, thirty-eight third party registrations, and testimony of opposing witnesses. We find nothing therein which would require an affirmance of the board's decision, nor anything requiring separate discussion here.

Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d), allows registration of a mark otherwise qualified unless it "so resembles a mark registered in the Patent Office * * * as to be likely when applied to the goods of applicant, to cause confusion or mistake

or to deceive purchasers." That is the test.

Here, with all due respect to the views of the board, we are unable to agree with its holding. Although the instant suffixes are identical, we are of the opinion the prefixes "Wear" and "Flor" are so distinctly different in sound, appearance, spelling and meaning that the marks as a whole, as viewed in the market place, would not be likely to cause confusion.

Under such circumstances it is necessary to reverse the decision appealed from.

Reversed.

---

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of*

*Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 United States Code.